# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENDON ARNDT, </br></br> Plaintiff, </br></br> v. </br></br> THE REXNORD NON-UNION PENSION PLAN AND THE REXNORD NON-UNION PENSION PLAN BOARD, </br></br> Defendants. | 1:12-cv-0311 Erie </br> District Judge Terence F. McVerry |

## MEMORANDUM OPINION AND ORDER OF COURT

This is an action for the recovery of unpaid pension benefits pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Plaintiff Clarendon Arndt ("Arndt") alleges that Defendants, the Rexnord Non-Union Pension Plan and its Board (collectively, "Rexnord"), wrongfully failed to pay him his pension following the termination of his employment with the plan sponsor in 1997. He seeks payment of his alleged benefits, interest, penalties, declaratory relief, attorney's fees, and costs. Rexnord has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Arndt's claims are time-barred and that he has failed to exhaust his administrative remedies. (ECF No. 16.)

For the reasons explained below, the motion to dismiss will be granted, with prejudice. Accordingly, Ardnt's motion to take his own deposition (ECF No. 22) will be denied as moot.

# I. BACKGROUND

The facts set forth below are derived entirely from the Complaint, the attachments to the Complaint, subsequent amendments, and undisputedly authentic documents attached to Rexnord's motion to dismiss. Arndt worked for Zurn Industries (which was later acquired by Rexnord) from January 18, 1954 to February 4, 1997. As an employee, Arndt was a participant in Zurn's ERISA-covered defined benefit pension plan, which is today known as the Rexnord Non-Union Pension Plan. In May 1992, Arndt filed a worker's compensation claim against Zurn. While the Complaint does not specify the nature his injuries, it does allege that he was rendered totally disabled for a period of time, but was subsequently determined to be capable of performing a degree of work sufficient to qualify for a partial disability benefit. On January 31, 1997, Zurn and Arndt settled Arndt's worker's compensation claim. Arndt was represented by counsel during this process. As part of the settlement agreement, Arndt received a lump sum payment of $60,000, resigned his employment. He subsequently "remov[ed] himself from the workforce on a permanent basis." (ECF No. 9-1 at 5.)

In June 1997, five months after his separation, Zurn sent Arndt a letter explaining that, in accordance with the terms of the pension plan, "[your] pension plan benefit [was] offset by the benefit equivalent of a worker's compensation award….Therefore, you will not receive a pension benefit under" the plan. (ECF No. 9-4.) Such an offset is lawful under ERISA. Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 516 (1981). The letter further advised Arndt that even though he was ineligible to receive the pension benefit, "[w]orker's compensation does not offset any benefits that your spouse would be entitled to upon your death should you elect a joint and survivor option." (Id.) Accordingly, Arndt's wife elected to receive the survivor option. In April 1998, Zurn sent Arndt's then-counsel a letter further explaining the details of the offset.

2

(ECF No. 16-2.) The letter advised Arndt's counsel to contact the plan administrator with any further questions or concerns. Id. The 1997 and 1998 letters notwithstanding, Arndt alleges that he was never informed that he had the right to seek review of the plan administrator's determination that his worker's compensation award offset his pension benefit.

In 2012, Arndt became aware of other similarly terminated Zurn/Rexnord employees, all of whom he alleges received their pensions from Rexnord even though they, like him, had agreed to offsets as part of worker's compensation settlements. Arndt alleges that these former employees were, like him, also classified as only "partially disabled" when they ended their employment. He contends that these employees' having received their pension benefits while he did not, as well as the plan document's provision that offsets may be used only when an employee is "permanently disabled," is evidence that Rexnord wrongfully and fraudulently deprived him of his pension. Arndt filed this lawsuit on December 11, 2012; he filed a First Amended Complaint on January 9, 2013 and submitted an amendment to that Complaint on April 30, 2013.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) empowers a district court to dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Legal conclusions couched as factual allegations, conclusory factual allegations, and threadbare recitations of a cause of action are insufficient to state a facially plausible claim. Iqbal, 556 U.S. at 678-79. In addition to pleading adequate factual content, the complaint also must be legally sufficient. Id. at 678; Twombly, 550 U.S. at

555.  To determine the complaint's legal sufficiency, the court must accept as true all of the facts, but not the legal conclusions, alleged, draw all reasonable inferences in the plaintiff's favor, and confirm that the accepted-as-true facts actually give rise to a claim that would entitle the plaintiff to relief.  Id.  Similarly, a complaint may be dismissed for failure to state a claim if the plaintiff's cause of action is facially untimely and cannot be saved by any tolling doctrine, or the plaintiff has not exhausted his administrative remedies.  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002); Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).

A court may not dismiss the complaint merely because it appears that the plaintiff cannot prove the facts alleged or will not ultimately prevail on the merits.  Twombly, 550 U.S. at 556, 563 n.8.  Instead, it must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  Id. at 556.  The motion to dismiss should not be granted if the plaintiff alleges facts which could, if established at trial, entitle him to relief.  Id. at 563 n.8.  In ruling on the motion, a court may consider only the complaint, attached exhibits, matters of public record, and undisputedly authentic documents not attached to the complaint if the complainant's claims are based on those documents.  Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

Arndt alleges that Rexnord unlawfully deprived him of his pension by wrongfully offsetting his benefit against his worker's compensation award and by not adequately informing him of his right to seek administrative review of that determination.  Rexnord denies these allegations, and submits that Arndt's claim is facially time-barred and cannot be saved by equitable tolling, and that Arndt has also failed to exhaust his administrative remedies.  The Court agrees that Arndt's section 502(a)(1)(B) claim is facially untimely and cannot be saved by

4

equitable tolling. Furthermore, because Arndt has amended twice, the Complaint will be dismissed with prejudice on the basis that continued amendment would be futile. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434–35 (3d Cir.1997)

### A. Statute of Limitations

Section 502(a)(1)(B) of ERISA permits a participant of a covered pension plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Although ERISA does not explicitly provide a limitations period on bringing actions for unpaid benefits under section 502(a)(1)(B), courts generally "borrow the local time limitation most analogous to the case at hand," which in the case of unpaid benefits claims is the jurisdiction's statute of limitations for breach of contract actions. Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 305 (3d Cir. 2008) (internal marks omitted). In Pennsylvania, the limitations period on a breach of contract action is four years. Id. The statute of limitations on a cause of action begins to run when the plaintiff discovers or should have discovered his injury. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). This is the accrual date; once the cause accrues, the plaintiff is afforded the full limitations period, starting from the accrual date, to file suit. Id.

In a section 502(a)(1)(B) action for the recovery of pension benefits, the cause of action accrues on the date that the participant becomes aware that his claim for benefits has been rejected or "clearly repudiated" by the plan fiduciary. Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 520-21 (3d Cir. 2007). Under this rule, "a *formal* denial is not required if there has already been a repudiation of the benefits by the fiduciary which was *clear* and made known to the beneficiary…[i]n other words, some 'event other than a denial of a claim' may trigger the statute

5

of limitations by clearly alerting the plaintiff that his entitlement to benefits has been repudiated." Id. (citing cases) (emphases in original).

As part of the settlement of his worker's compensation claim, Arndt received a $60,000 lump-sum payment. He was represented by counsel in this process, and was made aware on at least two occasions that because he elected to receive a lump sum award, he would not receive his pension benefit. There is no way that Arndt can now allege that he was not aware that the plan fiduciary had clearly repudiated his right to receive his pension or that he was inadequately advised as to what his rights were. Consequently, the statute of limitations on his section 502 claim began running (at the very latest) in 1998 and his right to bring a cause of action expired in 2002, eleven years ago.

In his brief in opposition to Rexnord's motion, Arndt also appears to raise for the first time a breach of fiduciary duty claim pursuant to section 404 of ERISA in connection with his pension benefit claim. 29 U.S.C. § 1104. Pursuant to ERISA section 413, a claim for breach of fiduciary duty must be commenced after the earlier of either (1) six years following the date of the last action which constituted a part of the breach, or (2) three years following the earliest date on which the plaintiff had actual knowledge of the breach. 29 U.S.C. § 1113. Although Arndt was obligated to raise this claim in his Complaint rather than in his moving papers, the Court notes that even if Arndt had properly pled a breach of fiduciary duty claim, any such cause of action expired, at the very latest, nine years ago in 2004.

### B. Equitable Tolling

Despite its untimeliness, a plaintiff may proceed in his cause of action if he can show that the statute of limitations should be equitably tolled. Oshiver, 38 F.3d at 1391-92; Menichino v. Citibank, N.A., Civ. No. 2:12-0058, 2013 WL 3802451, at *5-7 (W.D.Pa. Jul. 19, 2013). To

6

establish an entitlement to equitable tolling, the plaintiff must show that: (1) the defendant engaged in fraudulent concealment by actively misleading the plaintiff about the circumstances underlying his cause of action, (2) which prevented the plaintiff from recognizing the validity of his claim within the limitations period, and (3) that his ignorance is not attributable to his lack of reasonable due diligence in attempting to uncover the relevant facts. Cetel v. Kirwan Fin. Group, Inc., 460 F.3d 494, 510 (3d Cir. 2006). In general, "the tolling of statutory periods on equitable grounds is 'very much restricted' given the 'important social interests in certainty, accuracy, and repose' that such statutes serve." Menichino, 2013 WL 3802451 at *5 (citing cases). Thus, "tolling is an extraordinary remedy which should be extended only sparingly." Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005).

Arndt submits two allegations in support of his equitable tolling argument: (1) that the plan administrator's determination that his pension benefit was entirely offset by his worker's compensation settlement was arbitrary, capricious, and therefore fraudulent; and (2) that he was never adequately advised that he had the right to seek review of that determination.[1] These allegations are insufficient as a matter of law to invoke equitable tolling.

First, an "arbitrary and capricious" application of the terms of a pension plan agreement, even if true, is not actively misleading conduct. See Oshiver, 38 F.3d at 1389 ("active misleading" requires a showing of intentional conduct designed to lead the plaintiff astray about the possible existence of a cause of action); Menichino, 2013 WL 3802451, at *9. Second, Arndt was represented by counsel during and after his separation from Zurn, and was made aware as early as 1997 (and then again in 1998) that the funds he received in his worker's compensation settlement offset his pension benefit. Copies of both the actuarial calculations underlying

---

[1] Equitable tolling is available to save only an untimely section 502(a)(1)(B) claim for benefits; it is not available to save an untimely breach of fiduciary duty claim. In re Unisys Corp. Retiree Med. Benefit "ERISA" Litigation, 242 F.3d 497, 504 (3d Cir. 2001).

7

Arndt's offset as well as the plan's claim procedures were included as enclosures with the April 1998 letter.  Thus, Arndt was on inquiry notice at that time that something may have been awry and was obligated at that time to perform all requisite due diligence into the potential existence of a cause of action.  Third, Arndt's (and his present counsel's) own limited anecdotal evidence of purportedly similarly situated employees receiving their pensions while he did not is not evidence of fraud; rather, it is evidence that different employees, albeit with potentially similar attendant circumstances, were terminated on better terms.

### C. Leave to Amend

At this juncture, Arndt has had three attempts to plead facts showing that he has a viable cause of action.  Because he has failed to do so each time, the Court is at a loss to see what utility could be derived from a fourth review of these allegations.  Thus, granting leave to amend is not warranted, and the Complaint will be dismissed with prejudice.  Burlington Coat Factory, 114 F.3d at 1434-35.  Having determined that Arndt's failure on this point is dispositive of the motion to dismiss, the Court will not address Rexnord's second contention that Arndt has failed to exhaust his administrative remedies.

### IV. CONCLUSION

For the reasons discussed above, the MOTION TO DISMISS (ECF No. 16) will be **GRANTED**, with prejudice, and Arndt's motion to take his own deposition (ECF No. 22) will be denied as moot.  An appropriate Order follows.

McVerry, J.

Dated: September 17, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARENDON ARNDT,<br>          Plaintiff,<br><br>          v.<br><br>THE REXNORD NON-UNION PENSION PLAN AND THE REXNORD NON-UNION PENSION PLAN BOARD,<br>          Defendants. | 1:12-cv-0311 Erie |

## ORDER OF COURT

AND NOW, this 17th day of September, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that Defendants' MOTION TO DISMISS (ECF No. 16) is **GRANTED, with prejudice**. Plaintiff's motion to take his own deposition (ECF No. 22) is **DENIED AS MOOT.**

The Clerk of Court is instructed to mark this case **CLOSED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Kevin W. Barron, Esq.**
    Email: kbarron@surferie.net

    **Daniel L. Bell, Esq.**
    Email: daniel.bell@dbell-law.com